UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 MAR -3 PM 4:10 KH

CLERK-ALBUQUERQUE

BRANDON K ELI )
*Plaintiff* )
)
v. ) Civil Action No. 16 cv 156 KK/SCY
)
U.S. BANK NATIONAL ASSOCIATION AND )
NATIONSTAR MORTGAGE INC., )
*Defendants* )

**COMPLAINT FOR STATUTORY RELIEF**

COMES NOW Brandon K. Eli, and for this Complaint for or Statutory Relief states;

PARTIES

1. Plaintiff Brandon K. Eli is an individual who resides in Sandoval County, New Mexico.

2. Defendant U. S. Bank, National Association-("U S Bank") is a national banking association headquartered in the State of Minnesota that currently acts successor in interest to Wachovia Bank, National Association as trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2005-H that alleges to hold various mortgage loans as well the mortgage loan which is the subject of the action.

3. Defendant Nationstar Mortgage Inc. ("Nationstar") is a corporation headquartered in the state of Virginia that alleges to hold various mortgage loans as well the mortgage loan which is the subject of the action.

## JURISDICTION

4. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and 15 U.S.C. § 1640.

## INTRODUCTION

5. This action seeks that this Court grant the statutory remedies available to the Plaintiffs under 15 U.S.C. § 1640, which allows damages to the consumer, when creditors, in this instance U S Bank and Nationstar, do not pursue their available legal remedies and do not comply with their statutory obligations pursuant to a non-judicial TILA Rescission pursuant to 15 U.S.C. § 1635.

## GENERAL FACTS

6. Defendants, U S Bank and Nationstar, has made claims they are the creditor or owner or acting as a representative of the creditor or owner of a loan with the account number 0618619381 formerly account no. 09506353, associated with Plaintiff, and associated with a Deed of Trust dated July 25, 2005, recorded as doc# 200507200867 in the office the Clerk of Pierce County, Washington.

7. On November 30, 2015 Defendant, Nationstar, received a notice of rescission made by Plaintiff pursuant to 15 U.S.C. § 1635 rescinding the loan that is the subject of this action.

8. As of the filing of this action, neither Defendants U S Bank or Nationstar, had complied with the obligations of a lender under the notice of rescission made pursuant to 15 U.S.C. § 1635.

## COUNT I
## DECLARATORY JUDGMENT
## PURSUANT TO 15 U.S.C. § 1635

9. Plaintiff incorporates paragraphs 1-11 as if set forth in full herein.

10. This action does not invoke this Court's jurisdiction of the subject matter as to whether TILA Rescission pursuant to 15 U.S.C. § 1635, which is a non-judicial process, has occurred.

11. The Supreme Court of the United States in *Jesinoski v Countrywide* giving its opinion on notices of rescission made pursuant to 15 U.S.C. § 1635 stated;

> "Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. This conclusion is not altered by §1635(f), which states *when* the right to rescind must be exercised, but says nothing about *how* that right is exercised. Nor does §1635(g)—which states that "in addition to rescission the court may award relief . . . not relating to the right to rescind"—support respondents' view that rescission is necessarily a consequence of judicial action. And the fact that the Act modified the common-law condition precedent to rescission at law, see §1635(b), hardly implies that the Act thereby codified rescission in equity." ***Jesinoski v Countrywide*** *No. 13-684 574 U.S. ____ (2015)*

12. Plaintiff noticed Defendants of rescission regarding loan #09506353 pursuant to 15 U.S.C. § 1635.

13. It is immaterial whether either Defendant did or did not attempt to deny Plaintiff's statutory right of rescission on its own, as no lender is afforded any right to deny rescission under 15 U.S.C. § 1635.

14. Defendants have not pursued any legally sufficient dispute of this rescission.

15. Under *Jesinoski v Countrywide* it is immaterial whether either Defendant did dispute or did not dispute the Plaintiff's rescission, because accordingly *"1635(a) nowhere suggests a distinction between disputed and undisputed rescissions"*[1], and *"Because this is all that a borrower must do in order to exercise his right to rescind under the Act"*[2], so rescission of the subject loan therefore occurred when Plaintiff put his Notice in the mail to the Defendants.

16. 15 U.S.C. § 1635(b) gives clear instructions to lenders noticed of rescission under the act;

> 15 U.S.C. § 1635 (b) <u>Return of money or property following rescission</u>
> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

17. More than twenty days after receipt of the Plaintiff's Notice of Rescission and Defendants have not fulfilled the duties of a lender pursuant to 15 U.S.C. § 1635(b), and so, as of December 20, 2015 Defendants were and continues to be in non- compliance of this Act, and the total legal remedy afforded to them under the Act has been exhausted.

18. As Defendants are in non- compliance of 15 U.S.C. § 1635(b) and because the total legal remedy afforded to it under the Act has been exhausted, Plaintiff prays for a declaratory judgment that the Deed of Trust, dated July 25, 2005, recorded as doc# 200507200867 in the office the Clerk of Pierce County, Washington is terminated, released, void and invalid and likewise the obligation evidenced by the Note is terminated, released, void and invalid.

---

[1] *Jesinoski v Countrywide* No. 13-684 574 U. S. ____ (2015)
[2] *Jesinoski v Countrywide* No. 13-684 574 U. S. ____ (2015)

## COUNT II
## STATUTORY RELIEF
## PURSUANT TO 15 U.S.C. § 1640

19. Plaintiff incorporates paragraphs 1-17 as if set forth in full herein.

20. As Defendants are in non-compliance with its statutory requirements as a creditor under 15 U.S.C. § 1635 rescission, Plaintiff seeks statutory relief available under 15 U.S.C. § 1640.

> 15 U.S.C. § 1640 US Code: <u>Civil liability</u>
> (a) Individual or class action for damages; amount of award; factors determining amount of award Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
> (1) any actual damage sustained by such person as a result of the failure;
> (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction,
> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court;

21. Plaintiff has made certain payments of monies in regards to this loan prior to rescission, and as Defendants are statutorily required to return those monies and have not, Plaintiff seeks an immediate Court ordered return of those monies in full and under 15 U.S.C. § 1640 additionally twice those amounts.

22. Prior to rescission, Plaintiff issued a Note which, as his personal property, had been tendered in regards to this loan. As Defendants are statutorily required to return that personal property and has not, Plaintiff now seeks an immediate Court ordered return of that Note,

unaltered, as well as a full accounting of all monies made or acquired in regards to that Note while that Note was held by others.

23. Upon information and belief, it is impossible to return the unaltered Note.

24. If the Note cannot be, or is not returned unaltered, then Plaintiff seeks, from Defendants, the monetary value of that Note to determined by its face as well as by all monies made or acquired in regards to that Note while that Note was held by others and under 15 U.S.C. § 1640, additionally twice those amounts.

## PRAYER FOR RELIEF

Plaintiff Brandon K. Eli prays for the judgments described herein, for his costs and for such further relief as the Court deems just and proper.

Respectfully submitted,

Brandon K. Eli
P.O. Box 35037
Albuquerque, NM 87176
Telephone: 505-200-2819