1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No.: 16-CV-00156-RR-SCY

BRANDON K. ELI,

     Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION;
NATIONSTAR MORTGAGE INC.,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 JUN 14 AM 10: 00

CLERK-ALBUQUERQUE

---

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

2      Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 31, 2015 via conference call

3    and was attended by:

4      Brandon K. Eli        for Plaintiff(s)

5      Joshua A. Spencer     for Defendant(s)

6                  **NATURE OF THE CASE**

7      The Complaint asserts claims for declaratory judgment and statutory damages against the

8  Lender Parties under the federal Truth in Lending Act, 15 U.S.C. § 1640. ("TILA").  The

9  Defendant seeks a dismissal with prejudice of the Complaint for a failure to state a claim

10  pursuant to FED. R. CIV. P. 12(b)(6).

11        **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

12      Plaintiff anticipates that he will move for summary judgment.

13      If Plaintiff claims are dismissed pursuant to Defendants' motion to dismiss, Plaintiff

14  intends to exercise his right of appeal.

15      If Plaintiff's claims are not dismissed pursuant to Defendants' motion to dismiss, Plaintiff

16  should be allowed until thirty days after denial of Defendants' Motion of Dismissal, to move to

1  amend the pleadings and join additional parties in compliance with the requirements of Fed. R.

2  Civ. P. 15(a).

3          Defendants have a filed a motion to dismiss.  If the case proceeds past the pleading stage,

4  the Defendants anticipate that they will move for summary judgment.

5          Defendants should be allowed until July 30, 2016, to move to amend their pleadings and

6  join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

7                                   **STIPULATIONS**

8          The parties hereto stipulate and agree that venue is properly laid in this District; that the

9  United States District Court for the District of New Mexico has jurisdiction of the parties and the

10  subject matter.

11      The parties are willing to further stipulate to the following facts:

12      1.  Defendants claim interest in the loan in question associated with the Deed of Trust

13          recorded as doc# 200507191155 in Office of the Clerk of Pierce County Washington.

14      2.  Defendants did receive a notice of Plaintiff's intention to exercise his right of

15          rescission pursuant to 15 U.S.C. § 1635 in November 2015.

16      3.  Defendants did not respond to Plaintiff notice of rescission pursuant to 15 U.S.C. §

17          1635 until filing its Motion to Dismiss.

18      The parties further stipulate and agree that the law governing this case is:

19      1.  TILA, 15 U.S.C. § 1640.

20                              **PLAINTIFF'S CONTENTIONS:**

21      1.  Plaintiff's Notice asserts an exercise of Plaintiff's right to rescind was properly made

22  under the Act by averring consummation had not yet occurred.

2.   This action does not invoke this Court's jurisdiction of the subject matter as to whether or not TILA Rescission pursuant to 15 U.S.C. § 1635, which is a non-judicial process, has occurred.

3.   Pursuant to 15 U.S.C. § 1635 TILA Rescission was in effect upon Notice, and the process of rescission proceeded without distinction in regards to its immediate effect.

4.   The Defendants had an opportunity and were under an obligation to reach resolution of any dispute in regards to rescission within twenty days of receiving notice to avoid becoming liable for damages under 15 U.S.C. § 1640.

5.   Defendant failed to offer any dispute to rescission, thus Plaintiff relied on that silence as Defendants' admission that rescission did occur.

6.   Because Defendants for twenty days remained silent, in regards to their dispute of Plaintiff's right to rescind, that previous silence estopps them now from asserting that dispute.

7.   The assertion of that dispute now constitutes deceptive and potentially fraudulent effort to avoid the damages the Defendants are now liable for under 15 U.S.C. § 1640.

8.   Defendants' reliance upon appellate court opinions subject to *Jesinoski v Countrywide* is futile.

## DEFENDANT'S CONTENTIONS

1.   The Plaintiff's right of rescission lapsed on midnight on the third business day after the loan was consummated in 2005.

2.   Plaintiff's November 2015 letter was untimely and ineffective to rescind the subject loan under TILA.

## PROVISIONAL DISCOVERY PLAN

1   The parties jointly propose to the Court the following discovery plan: *(Use separate*

2   *paragraphs or subparagraphs as necessary if parties disagree.)*

3   Plaintiff intends to call the following witness(es):

4       1.  A representative of Defendant U.S. Bank N.A. to be identified by Defendant
5           c/o Murr Siler & Accomazzo, P.C.
6           500 Marquette Ave NW, Suite 1200
7           Albuquerque, NM 87102

8       2.  A representative of loan servicer Defendant Nationstar Mortgage LLC to be identified
9           by Defendant
10          c/o Murr Siler & Accomazzo, P.C.
11          500 Marquette Ave NW, Suite 1200
12          Albuquerque, NM 87102

13      3.  James P. Eckels
14          c/o Murr Siler & Accomazzo, P.C.
15          410 Seventeenth Street, Suite 2400
16          Denver, Colorado 80202

17      4.  Mark S Adams
18          c/o Murr Siler & Accomazzo, P.C.
19          410 Seventeenth Street, Suite 2400
20          Denver, Colorado 80202

21  Defendant intends to call the following witness(es):

22      1.  Brandon K. Eli
23          P.O. Box 35037
24          Albuquerque, NM 87176

25      2.  Tamara M. Eli
26          P.O. Box 35037
27          Albuquerque, NM 87176

28      3.  A representative of U.S. Bank or its loan servicer Nationstar Mortgage LLC
29          c/o Murr Siler & Accomazzo, P.C.
30          500 Marquette Ave NW, Suite 1200
31          Albuquerque, NM 87102

32  Discovery will be needed on the following subjects:

33      1.  The Plaintiff loan and purported attempt to rescind the same under TILA.

34      2.  The extent of Defendants' acquisition of interest in the loan.

35      3.  The extent of intangible obligations created following tender of Note.

Discovery will be limited as follows:

1. Maximum of 25 interrogatories by each party to any other party.  (Responses due thirty days after service.

2. Maximum of 25 requests for admission by each party to any other party. (Response due thirty days after service).

3. No limit on the number of requests for admission as to genuineness. (Response due thirty days after service)

4. Maximum of 4 depositions by Plaintiff(s) and 4 by Defendant(s).

5. Each deposition is limited to maximum of seven hours unless extended by agreement of parties.

6. Reports from retained experts under Rule 26(a)(2) due:

   a. from Plaintiff(s) by September 1, 2016.

   b. from Defendant(s) by September 15, 2016.

7. Supplementation under Rule 26(e) due September 15, 2015.

8. All discovery commenced in time to be complete by October 15, 2015.

9. Other Items: N/A

## PRETRIAL MOTIONS

Plaintiff intends to file: Unknown at this time.

Defendant intends to file: Unknown at this time.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 1 day.

__x__ This is a non-jury case.

____ This is a jury case.

1 | The parties request a pretrial conference in November 2016.

2 | **SETTLEMENT**

3 | By Defendant;

4 | The possibility of settlement in this case is considered unlikely.

5 | By Plaintiff;

6 | Settlement of this case is welcome.

7 | The parties request a settlement conference in August 2016.

8 | **EXCEPTIONS**

9 | Exceptions by Plaintiff;

10 | 1.  TILA, 15 U.S.C. § 1640, is the governing law of the case thus the Court is without

11 | authority or jurisdiction to hear any counterclaim tendered to the Court that is outside of

12 | the TILA 15 U.S.C. § 1640 claim

13 | 2.  This Joint Status Report and Provisional Discovery Plan is filed without Defendants'

14 | signature as Defendants' return of this report was not timely to avoid default of Court's

15 | calendar.

16
17 | APPROVED WITH EXCEPTION(S)
(note exceptions above)

18
19 | For Plaintiff

20
21 | For Defendants