IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BRANDON K. ELI,<br>*Plaintiff*, | §<br>§<br>§ |
| v. | § Civ. No. 16-156 RJ |
| U.S. BANK NATIONAL ASSOCIATION,<br>NATIONSTAR MORTGAGE INC.,<br>*Defendants*. | §<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

BEFORE THE COURT is Defendants U.S. Bank National Association and Nationstar Mortgage LLC's (collectively, "Defendants") Motion to Dismiss Complaint with Prejudice (Doc. 7), Plaintiff Brandon K. Eli's ("Plaintiff") Motion for Summary Judgment (Doc. 19), and the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 37). On June 22, 2016, the Court referred this case pursuant to 28 U.S.C. § 636(b) to the Honorable Steven C. Yarbrough, Magistrate Judge for the United States District Court for the District of New Mexico, for a report and recommendation. (Doc. 21). The Magistrate Judge issued the PFRD (Doc. 37) on January 20, 2017, recommending that the Court grant Defendants' Motion to Dismiss (Doc. 7) and deny Plaintiff's Motion for Summary Judgment (Doc. 19). After due consideration of the briefing before the Court and the relevant law, the Magistrate Judge's Proposed Findings and Recommended Disposition shall be **ADOPTED** (Doc. 37), Defendants' Motion to Dismiss shall be **GRANTED** (Doc. 7), and Plaintiff's Motion for Summary Judgment shall be **DENIED** (Doc. 19).

### I.   LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense[.]"). Rule 72(b)(2) governs objections: "Within 14 days after being served with a

1

copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel") (quotation marks and citations omitted). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." *Id.* "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Id.* at 1060.

"To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, [has] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *Id.* at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426

(10th Cir. 1996). In *One Parcel*, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. *See One Parcel*, 73 F.3d at 1060.

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing." *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. *In re Griego*, 64 F.3d 580, 583–84 (10th Cir.1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence. . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." *Gee v. Estes*, 829 F.2d 1005, 1008–09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." *Id.* at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray–Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993).

## II.   BACKGROUND

On March 3, 2016, Plaintiff filed a Complaint for declaratory judgment and statutory damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1631 *et seq.* (Doc. 1). Therein, Plaintiff asserts that he sought to rescind his mortgage loan pursuant to 15 U.S.C. § 1635 and that

Defendants' failure to honor his rescission request entitles him to declaratory judgment pursuant to 15 U.S.C. § 1635, return of payments he has made on his loan, and other monetary damages pursuant to 15 U.S.C. § 1640. (*Id.*). Plaintiff alleges that Defendants are "the creditor or owner or acting as a representative of the creditor or owner of a loan . . . associated with Plaintiff." (*Id.* at ¶ 6). This loan was recorded on July 25, 2005. (*Id.*). More than ten years later, on November 30, 2015, Plaintiff sought to rescind this loan. (*Id.* at ¶ 7). Alleging that Defendants did not comply with their statutory obligation under 15 U.S.C. § 1635(b) to respond to this rescission notice within 20 days, Plaintiff claims that "the total legal remedy afforded to them under the Act has been exhausted." (*Id.* at ¶ 17). Plaintiff seeks a declaratory judgment that his November 30, 2015, notice of rescission is valid, that the Deed of Trust recorded on July 25, 2005 is "terminated, released, void and invalid" and that "the obligation evidenced by the Note is terminated, released, void and invalid." (*Id.* at ¶ 18). Plaintiff also seeks damages related to Defendants' failure to honor his November 30, 2015, notice of rescission. (*Id.* at ¶¶ 21, 24).

On May 9, 2016, Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Doc. 7). Specifically, Defendants argue that Plaintiff's attempt to rescind was untimely and, as a result, seek dismissal of the complaint. (*Id.*). On May 15, 2016, Plaintiff filed a Response to the Motion to Dismiss. (Doc. 11). On June 1, 2016, Defendants filed their Reply in support of the Motion to Dismiss. (Doc. 13). On June 16, 2016, Plaintiff filed a Motion for Summary Judgment. (Doc. 19). On July 5, 2016, Defendants filed a Response to Plaintiff's Motion for Summary Judgment. (Doc. 23). On July 15, 2016, Plaintiff filed a Reply in support of the Motion for Summary Judgment. (Doc. 24).

On November 17, 2016, the Magistrate Judge held a hearing on Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment. (Doc. 34). On January 20, 2017, the Magistrate Judge recommended "that the Court grant Defendants' Motion to Dismiss (ECF No. 7) and deny Plaintiff's Motion for Summary Judgment (ECF No. 19)." (Doc. 37). The Magistrate

Judge found that Plaintiff's November 2015 attempt to rescind a loan recorded in July 2005 was "more than seven years too late." (*Id.* at 4). In addition, the Magistrate Judge concluded that "[n]one of the arguments Plaintiff makes in an attempt to avoid this outcome are persuasive." (*Id.*).

First, the Magistrate Judge determined that Plaintiff "provides no facts or arguments to support his contention that the 2005 loan was never consummated." (*Id.*). The Magistrate Judge noted that "Plaintiff does not dispute that the loan in question was recorded in 2005 and that he thereafter made payments on the loan." (*Id.*). "Based on Plaintiff's own representations," the Magistrate Judge concluded "that the loan in question was consummated no later than July 25, 2005." (*Id.* at 5). The Magistrate Judge found that "pursuant to 15 U.S.C. § 1635(f), Plaintiff was required to bring any claim for rescission no later than July 25, 2008." (*Id.*). Moreover, the Magistrate Judge determined that because Plaintiff failed "to file his notice of rescission within the required three year time period... the Court need not address whether Defendants violated the twenty day time limit to respond to Plaintiff's notice of rescission." (*Id.*).

Second, the Magistrate Judge found that "Plaintiff makes no allegation in Count II that he failed to receive some type of required disclosure or that Defendants violated some other provision of TILA." (*Id.* at 7). Rather, "Plaintiff's entire basis for asserting a violation of Section 1640 is that, in response to his alleged November 30, 2015 notice of rescission, Defendants failed to rescind as Section 1635 requires." (*Id.*). Because "Defendants had no obligation to rescind in 2015," the Magistrate Judge recommended that "Plaintiff's claim in Count II also fails." (*Id.*).

In Plaintiff's Motion for Summary Judgment, "Plaintiff makes the same arguments that he made in response to Defendants' motion to dismiss." (*Id.*). Therefore, the Magistrate Judge concluded that "Plaintiff's arguments in favor of summary judgment are without merit and his motion should be denied." (*Id.* at 8).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court of the United States has articulated a two-step approach for district courts to use when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately pleaded factual allegations contained in the complaint, disregarding any unsupported legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Next, having identified the adequately pleaded facts, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. In making this determination, the court views the complaint in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility to provide the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The nonmoving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and... if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the nonmoving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## IV. DISCUSSION

The PFRD notified the Parties that objections must be filed within 14 days of service pursuant to 28 U.S.C. § 636(b)(1). (Doc. 37 at 9). On January 20, 2017, the PFRD was filed and sent to the Parties. Although no party objected to the PFRD before the deadline to do so, the Court has reviewed the PFRD and cannot say that Judge Yarbrough's findings and recommended disposition in the PFRD are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court will, therefore, adopt the PFRD. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 7) and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 19).

## V.  CONCLUSION

It is therefore **ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition is hereby **ADOPTED**. (Doc. 37).

It is further **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. (Doc. 7).

It is **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**. (Doc. 19).

It is finally **ORDERED** that Plaintiff's claims for declaratory and injunctive relief and Plaintiff's claims for damages under the Truth in Lending Act, 15 U.S.C. § 1631 *et seq.*, against Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

SIGNED this 16 day of February 2017.

ROBERT A. JUNELL
Senior United States District Judge